|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PERFORMANCE EXCAVATORS, INC.

    Plaintiff,

        v.

ARCH INSURANCE COMPANY, TENAX CORPORATION, and DOES 1 through 20, inclusive,

    Defendants.

) No. CV 07-1791-LEW-JFM
)
) **ORDER GRANTING DEFENDANTS'**
) **JOINT MOTION TO STAY AS TO**
) **ARCH INSURANCE COMPANY**
)
) **ORDER GRANTING IN PART AND**
) **DENYING IN PART**
) **DEFENDANTS' JOINT MOTION**
) **TO STAY AS TO TENAX**
) **CORPORATION**

Currently before this Court is Tenax Corporation's Motion to Stay.

This matter was taken under submission on January 18, 2008. Having considered all the papers submitted in conjunction with this matter, the **COURT NOW RULES AS FOLLOWS:**

1. **JOINDER OF ARCH INSURANCE COMPANY TO TENAX CORPORATION'S MOTION TO STAY**

As a preliminary matter, Arch Insurance Company's[1] joinder to Tenax Corporation's[2] Motion to Stay is granted because the companies are similarly situated in regard to the resolution of this Motion.

2. **MOTION GRANTED AS TO ARCH INSURANCE COMPANY**

The Motion to Stay is **GRANTED as to AIC**.  PEI is involved in pending arbitration with the Barber-Webb Company.[3]  PEI's claim against AIC is predicated on a performance bond between AIC and BWC.  Thus, PEI has no claim against AIC until PEI establishes the liability of BWC.  It would be fundamentally unfair to allow PEI to proceed against AIC in litigation while also engaging in arbitration with BWC, since this essentially subjects BWC to the same claim in litigation and arbitration.

3. **MOTION GRANTED IN PART, DENIED IN PART AS TO TENAX CORPORATION**

The Motion to Stay is **GRANTED in PART and DENIED in PART as to Tenax**.  PEI's fifth cause of action, for implied indemnity against Tenax, is expressly dependent on the outcome of PEI's arbitration claim against the

---

[1] Hereinafter "AIC".

[2] Hereinafter "Tenax".

[3] Hereinafter "BWC".

Chico Redevelopment Agency.[4]  If PEI prevails in arbitration against RDA's counter-claim, PEI's indemnity action against Tenax will cease to exist.  Therefore, PEI's fifth cause of action is stayed until its arbitration is completed.

    For PEI's second, third, and fourth causes of action, Tenax does not qualify for either a mandatory or discretionary stay.  Tenax is not a signatory to PEI's arbitration agreement with BWC and RDA.  The Seventh and Eighth Circuits have held that a movant is only entitled to a mandatory stay under 9 U.S.C. §3 if it is a party to the arbitration agreement.  IDS Life Ins. Co. v. SunAmerica, Inc., 103 F.3d 524, 529 (7th Cir. 1997); AgGrow Oils, L.L.C. v. Nat'l Union Fire Ins. Co., 242 F.3d 777, 782 (8th Cir. 2001).  Even when courts have applied the mandatory stay provision to a non-signatory, they have required "exceptional circumstances."  Adams v. Georgia Gulf Corp., 237 F.3d 538, 541 (5th Cir. 2001).  The Court found such exceptional circumstances in Harvey v. Joyce, 199 F.3d 790 (5th Cir. 2000).  In Harvey, the signatories to the arbitration agreement were shareholders in the non-signatory.  Moreover, the allegations against the non-signatory were based upon actions taken by a signatory.  Here, however, no such exceptional circumstances exist.  No party in PEI's arbitration agreement has a stake in Tenax, and PEI's

---

    [4]    Hereinafter "RDA".

allegations against Tenax are based on Tenax's actions.

There is insufficient basis to grant Tenax's request for a discretionary stay.  Although PEI's claims in litigation and arbitration contain common operative facts, PEI's claims in arbitration are separable from its claims against Tenax.  Specifically, PEI's action against Tenax for breach of contract revolves around Tenax's alleged failure to provide materials, while PEI's actions against Tenax for intentional and negligent interference with contract relations revolve around Tenax's independent contact with RDA.  Since the adjudication of these causes of action does not expressly depend on the results of PEI's arbitration claims against BWC or RDA, a stay is not necessary.

**4.   CONCLUSION**

Based on the reasons stated above, Defendants' Joint Motion to Stay is **GRANTED as to AIC**, and **GRANTED in PART, DENIED in PART as to TENAX**.

**IT IS SO ORDERED.**

*Ronald S.W. Lew*
_____
 **HONORABLE RONALD S.W. LEW**
  Senior, U.S. District Court Judge

DATE: January 31, 2008